UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LYNNE HOFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CV-17-TS |
| ) | |
| CONTINENTAL CASUALTY COMPANY, ) | |
| CAN GROUP LIFE INSURANCE COMPANY, ) | |
| and QUORUM HEALTH GROUP LONG TERM ) | |
| DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Partial Summary Judgment [DE 13] and the Defendants' Motion for Partial Summary Judgment as to Standard of Review [DE 16], both filed on June 2, 2004. The Parties dispute the proper standard of review to be applied to the Plaintiff's claim against the Defendants under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(A)(1)(B), for denying her claim for benefits. The Plaintiff argues that the Court ought to apply the *de novo* standard, while the Defendants contend that the arbitrary and capricious standard is proper. Additionally, the Plaintiff argues that she is entitled to additional discovery if the Court finds that the *de novo* standard applies.

After the Parties filed the Motions now before the Court, on March 11, 2005, the Seventh Circuit issued its opinion in a similar case, *Ruiz v. Continental Casualty Co.*, 400 F.3d 986 (7th Cir. 2005). The Defendants addressed this case in their Supplemental Brief in support of their motion for partial summary judgment, filed on April 20, 2005. The Plaintiff followed with a reply and the Defendants also filed a reply.

**BACKGROUND**

The Parties agree that the underlying facts relating to their motions for partial summary judgment are undisputed. The Plaintiff, Lynne Hoffman, worked as a nurse from 1984 until March 20, 2000. In 1991, she began working for Lutheran Hospital in Fort Wayne, Indiana. While she worked at Lutheran Hospital, the Plaintiff participated in the Quorum Health Group Long Term Disability Plan ("The Plan"). Continental Casualty Company underwrites and CNA Group Life Assurance Company administers benefits provided under the Plan.

During the summer of 1999, the Plaintiff began experiencing severe health problems. She has been recently diagnosed with undifferentiated connective tissue disorder, severe osteoporosis, Gastroesophageal Reflux Disease, chronic fatigue syndrome, chronic asthma, and Rhinitis, Allergic–Perrenial. Due to her poor health, the Plaintiff was on disability leave from October 1999 until the last week of December 1999, when she returned to work. The Plaintiff stopped working again on March 20, 2000, and has not worked since.

Under the Plan, a beneficiary is entitled to receive benefits for twenty-four months if the beneficiary is "unable to perform the substantial and material duties of [her] regular occupation and [does] not engage in any work for wage or profit for which [she is] or become[s] qualified by education, training, or experience." (Pl.'s Mem. Supp. Part. Summ. J. ("Pl.'s Memo") Exh. A at 3.) This twenty-four month period is commonly referred to as the "own occupation period." (Pl.'s Mem. at 3.) The Defendants agreed that the Plaintiff met this eligiblity standard and she received disability benefits under this provision from June 6, 2000, until June 7, 2002.

Following the twenty-four month "own occupation period," the Plan states that a beneficiary is entitled to continued benefits only if she is "continuously unable to perform the duties of any occupation for which [she is] or become[s] qualified by education, training, or experience." (Pl.'s

2

Mem. Exh. A at 3.) On July 30, 2001, Continental sent the Plaintiff a letter indicating that it had "determined that, while [the Plaintiff] will remain disabled from her own occupation, [her] medical condition does not cause a functional impairment to the extent that [the Plaintiff is] unable to perform other occupations for which [she is] qualified." (Pl.'s Mem. Exh. B.) On April 30, 2002, the Plaintiff received a second letter, this time from CNA, explaining in greater detail what information it had reviewed and why it had concluded that the Plaintiff was not entitled to benefits beyond the "own occupation period." (Pl.'s Mem. Exh. C.) The letter explained that the Plaintiff's claim to benefits would end on June 7, 2002, and informed the Plaintiff that she had the right to challenge this determination by submitting additional medical information and also had the right to have her case reviewed by the Appeals Committee.

The Plaintiff submitted additional information, and when her application for benefits was again denied, she submitted her claim to a formal review panel. In a letter dated July 24, 2002, the review panel likewise found that the Plaintiff was able to perform certain sedentary occupations and was therefore not entitled to continuing benefits.  (Pl.'s Mem. Exh. D.)

On January 15, 2005, the Plaintiff filed a Complaint in this matter, claiming that the Defendants—Continental, CNA, and Quorum—improperly denied her benefits.[1]

### DISCUSSION

**A.     Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, "A party seeking to recover upon a claim,

---

[1] It is not clear from the Parties' briefs what part each Defendant took in the decision to deny the Plaintiff's claim to benefits. The Plaintiff refers to the Defendants collectively throughout her Briefs. Because the Defendants have not objected to this usage, the Court assumes for the purposes of this Order that all Defendants participated in the decision to deny benefits.

3

counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Fed. R. Civ. P. 56(a). In this case, both Parties have moved for partial summary judgment.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The facts relating to the Motions before the Court are undisputed. The Court therefore must determine only the matter of law presented by the Parties: under these undisputed facts, what standard of review should the Court use in reviewing the Defendants' decision to deny the Plaintiff's application for benefits?

**B.     Standard of Review**

A court applies one of two standards of review on a claim for benefits under ERISA: either *de novo* review or review under the arbitrary and capricious standard.

> Ordinarily, "[a] denial of benefits will be reviewed *de novo* 'unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Militello v. Cent. States, Southeast & Southwest Areas Pension Fund*, 360 F.3d 681, 685 (7th Cir. 2004) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). If the plan's language "indicates with the requisite if minimum clarity that a discretionary determination is envisaged," *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 331 (7th Cir.2000), "then a denial of benefits will be reviewed under an arbitrary and capricious standard." *Militello*, 360 F.3d at 685 (citing *Hess v. Hartford Life & Accident Ins. Co.*, 274 F.3d 456, 461 (7th Cir. 2001)).

*Ruiz v. Cont'l Cas. Co.*, 400 F.3d 986, 989 (7th Cir. 2005) (quoting *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 631 (7th Cir. 2004)). In determining which standard should apply, the Seventh Circuit has articulated the following test:

> Our analysis has two parts. First, is [the defendant] a fiduciary? Second, assuming [the defendant] is a fiduciary, are fiduciaries granted sufficient discretionary authority under the terms of [the] Plan? If the answer to either of these questions is no, we will review [the defendant's] decision to deny [the plaintiff's] benefits *de novo*. If, on the other hand, the answer to both questions is yes, we will review [the defendant's] decision under the highly deferential arbitrary and capricious standard.

*Ruiz*, 400 F.3d at 989.

As to whether a defendant is a fiduciary, the Seventh Circuit has held, citing 29 U.S.C. § 1002(21)(A), that "a fiduciary should be viewed 'in functional terms of control and authority over the plan.'" *Id.* at 990 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993)). The Supreme Court has noted that "[a] benefit determination under ERISA . . . is generally a fiduciary act." *Ruiz* at 990 (quoting *Aetna Health, Inc. v. Davila*, 124 S.Ct 2488, 2501 (2004)). Applying this standard, the *Ruiz* court held that Continental had acted as a fiduciary when it determined that Ruiz was not eligible for disability benefits. *Ruiz* at 990.

Having answered the first inquiry in the affirmative, the *Ruiz* court proceeded to the second part of its test: whether the fiduciary was granted sufficient discretionary authority under the terms of the plan. The court divided this task into two steps. First, the court inquired as to whether the plan granted Continental the authority to construe its terms or determine eligibility for benefits. *Id.* The "Certificate"[2] issued to Ruiz by Continental stated: "When making a benefit determination under the policy, *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provisions of the policy." *Id.* (Emphasis in the original). The court found that this language was "surely sufficient" to grant Continental the authority to construe the terms of the plan or determine eligibility for benefits. *Id.*

---

[2]The District Court's opinion in *Ruiz* refers to this document as a "certificate of insurance." The document itself is entitled, "Group Long Term Disability Certificate."

5

The second step inquired whether the Certificate and the insurance policy issued by Continental were plan documents. The plaintiff contended that they were not, and therefore there was no language in any plan document that vested Continental with the authority to construe the terms of the plan or determine eligibility for benefits. The court stated that while an insurance policy is not necessarily a plan document, in that case both the Certificate and the insurance policy qualified as plan documents. *Id.* at 991 (citing cases in the seventh, eighth, fourth, sixth, and eleventh circuits finding that insurance policies are plan documents).

Having answered both parts of the test in the affirmative, the court found that Continental was entitled to have its decision to deny Ruiz's benefits reviewed under an arbitrary and capricious standard. *Id.*

**C.    Application**

In this case, the Plaintiff does not argue that the Defendants have not acted as fiduciaries. The Court therefore proceeds to the second part of the *Ruiz* test and inquires whether the Plan granted the Defendants the authority to construe its terms or determine eligibility for benefits. The Defendants contend that both the Certificate of Insurance[3] and the Summary Plan Description grant this authority.

Both the district court and the appellate court in *Ruiz* focused on the certificate of insurance. The Certificate of Insurance at issue in this case contains the exact language approved by the Seventh Circuit in *Ruiz*: "When making a benefit determination under the policy, *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provisions of the policy." (Pl.'s Mem. Exh. A at 10) (Emphasis in the original). *Compare with* (Defs.'s Rep. in Supt.

---

[3]The document both the Plaintiff and the Defendants refer to as the Certificate of Insurance is, like the certificate at issue in *Ruiz*, entitled, "Group Long Term Disability Certificate."

of Supp. Br. Exh. B at 28), *and Ruiz* at 990. Accordingly, the Court finds that the language in the Certificate of Insurance was sufficient to grant the Defendants the authority to construe the terms of the Plan or determine eligibility for benefits.

The only remaining issue is whether the Certificate of Insurance is a plan document. The Plaintiff argues that it is not, as *Ruiz* is distinguishable from the facts presently before the Court. However, the Plaintiff does not present any arguments that the Certificate of Insurance in this case is any different from that in *Ruiz*. These two sheets of paper are practically identical, differing only in the policy number and the named employer. The Plaintiff argues that this document is not a plan document, and therefore can neither reserve nor grant any discretion to make benefit determinations. However, any argument about the deficiency of this document applies equally to the certificate of insurance in *Ruiz*. Because the court in *Ruiz* found that certificate to be a plan document, the Plaintiff's arguments are not persuasive. The Court finds that the Certificate of Insurance is a plan document.

Most of the Plaintiff's arguments attempting to distinguish *Ruiz* refer not to the Certificate of Insurance, but to the Summary Plan Description. The Plaintiff argues that this document clearly states that the information contained therein "does not constitute a part of the Plan or of any insurance policy issued in connection with the Plan." Therefore, the Plaintiff contends, it is of no moment that the same page states that "the Administrator and other Plan fiduciaries have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to benefits in accordance with the Plan."

As with the Certificate of Insurance, the Summary Plan Description in this case is identical to that in *Ruiz*, excepting only the Employer's name and address and the Employee Identification

7

Number. To find for the Plaintiff regarding the Summary Plan Description, the Court would have to ignore *Ruiz*, which determined that an identical summary plan description was a plan document. *Ruiz*, 400 F.3d at 991; *see also Ruiz v. Continental Casualty Co.*, No. 2:02-CV-73, slip op. at 11–12 (N.D. Ind. Sept. 29, 2003). Even if this Court were free to disregard binding precedent, the Plaintiff has not given the Court any reason to do so.

Because the Court finds that the *Ruiz* test has been satisfied, the Court will review the Defendants' decision to deny the Plaintiff's benefits under the arbitrary and capricious standard.

## CONCLUSION

For the reasons stated, the Court GRANTS the Defendants' Motion for Partial Summary Judgment as to Standard of Review [DE 16] and DENIES the Plaintiff's Motion for Partial Summary Judgment [DE 13].

This matter is now SET for a Telephonic Status Conference on Tuesday, August 30, 2005, at 12:30 PM Fort Wayne time before Judge Theresa L. Springmann.

SO ORDERED on August 23, 2005.

   S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT